IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Cr. No. 19-230-1 |
| | )    (Civ. No. 23-1779) |
| RARJI NEAL | ) |

## MEMORANDUM ORDER

Presently before the Court is Petitioner Rarji Neal's Motion to Vacate Pursuant to 28 U.S.C. § 2255.[1] ECF No. 95. Mr. Neal requests that his conviction under U.S.C. § 922(g)(1) be vacated, as unconstitutional in light of the Third Circuit's *en banc* decision in *Range v. Attorney General*, 69 F.3d 96 (3d Cir. 2023), and that his sentence be adjusted accordingly. The government has filed a Preliminary Response to the Motion, to which Mr. Neal has filed a Rebuttal. ECF Nos. 99 & 100. The government argues that Mr. Neal's Motion is untimely and requests that the Court dismiss the Motion under Rule 4 of the Rules Governing Section 2255 Proceedings.[2] The Court agrees that Mr. Neal's Motion was not timely filed within the one-year limitations period and must be dismissed. 28 U.S.C. § 2255(f)(1).

**I.      Discussion**

Rule 4 of the Rules Governing Section 2255 Proceedings instructs that that the court must dismiss a 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." If the motion is not

---

[1] Mr. Neal titled his Petition: "A Motion Filed Under 28 USC 2241 Seeking Relief of Sentence and Conviction Under 18 USC 922(g)(1)." Mr. Neal's Petition, however, is clearly a Petition asserted under Section 2255 because he is raising a challenge to the validity of his conviction and sentence.

[2] The government also argues that Mr. Neal's Motion should be dismissed as facially deficient because Mr. Neal did not sign the Motion. The Court agrees that the absence of Mr. Neal's signature on the Motion would also likely be cause for dismissal.

dismissed pursuant to Rule 4, resolution of the Motion will be decided on the briefs of the government and the Petitioner.

### A. Time for Filing Section 2255

Section 2255(f)(1) of Title 28 of the United States Code provides that the "1-year period of limitation" that applies to a section 2255 Motion, "shall run from . . . - (1) the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Mr. Neal's Judgment of Sentence was issued on June 22, 2021. ECF No. 88. "In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after. . . (i) the entry of [] the judgment or the order being appealed." Fed. R. App. P. 4 (b)(1)(A)(i). Mr. Neal would have had to file an appeal in the district court on or before July 6, 2021. He did not file an appeal; therefore, his judgment became final on July 6, 2021, and the one-year statutory limitations period began on that same date. For Mr. Neal's section 2255 Motion to have been timely filed it must have been filed on or before July 6, 2022.

### B. Time of Filing for an Inmate

Rule 3(d) of the Rules Governing Section 2255 Proceedings provides that a section 2255 Motion filed by "an inmate confined in an institution" is considered filed when the Motion is "deposited in the institution's internal mailing system." Mr. Neal placed his Motion to Vacate "in the prison mailing system" on October 12, 2023, approximately fifteen months beyond the limitations period. ECF No. 95-1. Therefore, his Motion to Vacate is untimely and must be dismissed because he filed it more than one year after his conviction became final.

### C. Mr. Neals' Responsive Arguments

In his Rebuttal, Mr. Neal argues that his motion should not be dismissed for several reasons. First, he claims that because the Court accepted his Motion as a 2255 Motion, it means

the Court is willing to entertain the Motion on the merits and therefore it cannot be untimely. To the contrary, a petitioner's 2255 motion is subject to dismissal if it is untimely filed, even if the Court orders the government to respond to the Motion.

Next, Mr. Neal suggests that his Motion may be timely as a motion filed pursuant to 28 U.S.C § 2241. In his Motion, Mr. Neal does not challenge the *execution* of his sentence, as he would in a section 2241 petition. Instead, he is directly challenging the validity of his conviction and resulting sentence, which must be raised in section 2255 petition. *Winkelman v. Longley*, No. CIV.A. 11-08E, 2011 WL 4915736, at *1 (W.D. Pa. Oct. 17, 2011). Specifically, Mr. Neal asserts that his conviction and sentence pursuant to 18 U.S.C. § 922(g)(1) is not valid because it was imposed in violation of the Constitution. Furthermore, because Mr. Neal "cannot show that a Section 2255 motion is inadequate or ineffective to test the validity of his conviction[], [a 2241] petition must be dismissed as jurisdictionally improper." *Id*. Accordingly, the Court properly viewed Mr. Neal's motion as a Motion pursuant to section 2255. The Court also informed Mr. Neal that the Court was viewing his Motion as a section 2255 Motion and gave him the opportunity to, among other things, withdraw the Motion. Mr. Neal did not withdraw his motion or otherwise inform the Court that he did not want his Motion to be treated as a section 2255 Motion.

### D. Plea Letter

An additional reason for preliminary dismissal is that, in Mr. Neal's January 5, 2021 Plea Letter, he agreed that he would waive his "right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking his conviction or sentence and the right to file any other collateral proceeding attacking his conviction or sentence." Plea Agr. ¶ A.9. Because he did file a 2255 Motion attacking his conviction and sentence, the waiver provision of his Plea Letter means that

the Motion is subject to preliminary dismissal as being in contravention of his agreement with the government.

### E. New Rule of Law Applied Retroactively

There are circumstances that may arise out of certain watershed decisions issued by the United States Supreme Court and that which are determined to apply retroactively, thereby permitting certain convicted prisoners to challenge their conviction outside the strict one-year time limit. *See* 28 U.S.C. § 2255(f)(3).  Here, Mr. Neal relies upon the decisions of the United States Supreme Court in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, ––– U.S. –––, 142 Sup.Ct. 2111 (2022) and the Third Circuit in *Range v. Attorney General*, 69 F.3d 96 (3d Cir. 2023) (*en banc*).  In *Bruen*, the Supreme Court did not announce a new rule of constitutional law retroactively applicable to persons with criminal convictions, and thus is inapplicable to the present circumstances.

The *Range* Court decision was issued by an Appeals Court that does not have the power to announce a new general rule of constitutional law retroactive to incarcerated prisoners; that task is committed to the Supreme Court.  Finally, the *Range* Court found that § 922(g)(1) was unconstitutional only as applied to a single person, Bryan Range.  The *Range* holding was expressly narrow and limited to Bryan Range's prior fraud conviction and his proposed prospective protected firearm conduct.  The *Range* Court did not find or even suggest that § 922(g)(1) is unconstitutional in all cases.  Therefore, Mr. Neal's Motion is also not timely because it is not validly based on a newly announced rule of constitutional law made retroactive to persons like Mr. Neal.

### F. Notice and Opportunity to Respond

The Third Circuit, sitting *en banc*, has held that a district court may dismiss a section 2255 Motion for untimeliness under Rule 4, provided that the petitioner is provided with notice and an opportunity to respond. *United States v. Bendolph*, 409 F.3d 155, 160, 165 n. 15, 166, 169 (3d Cir. 2005) (*en banc*). Mr. Neal has been given notice through the government's Response, in which it argues, consistent with the Court's analysis herein, that the Motion should be dismissed as untimely. Mr. Neal was provided with an opportunity to respond, which he did on February 21, 2024, when he filed a Rebuttal to the government's Response. ECF No. 100. Mr. Neal directly argued against the assertion that his Motion was subject to dismissal as untimely. The Court concludes that Mr. Neal was provided with notice that his motion is subject to preliminary dismissal, and he was provided with an opportunity to respond to the argument that his motion was untimely.

## II.   Conclusion

The Court finds that Mr. Neal's section 2255 Motion is untimely as it plainly appears from the motion and the record of prior proceedings that he is not entitled to relief. Accordingly, the following Order is hereby entered.

AND NOW, this 13th day of March 2024, Petitioner Rarji Neal's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (ECF No. 95) is hereby dismissed as untimely under Rule 4 of the Rules Governing Section 2255 Proceedings.

s/*Marilyn J. Horan*
Marilyn J. Horan
United States District Judge

Rarji Neal, pro se
Reg. No. 39620-068
FCI Bradford
Federal Correctional Institution
P.O. BOX 8000
BRADFORD, PA  16701